UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| FIRST SPECIALTY INSURANCE CORPORATION,  <br><br>      Plaintiff,  <br><br>v.  <br><br>MIKE DOVER CORPORATION, AMANDA J. STACEY, ADMINISTRATRIX OF THE ESTATE OF JASON E. STACEY, AND THE ESTATE OF JASON E. STACEY,  <br><br>      Defendants. | No. 3:12-cv-00873-JPG-DGW  <br><br>Judge J. Phil Gilbert  <br><br>Magistrate Judge Donald G. Wilkerson |

**COMPLAINT FOR DECLARATORY JUDGMENT AND OTHER RELIEF**

Plaintiff, First Specialty Insurance Corporation ("FSIC"), by and through its counsel, Bates Carey Nicolaides LLP, brings this Complaint for Declaratory Judgment and Other Relief against Defendants, Mike Dover Corporation ("Dover"), Amanda J. Stacey, the Administratrix of the Estate of Jason E. Stacey ("Amanda Stacey"), and the Estate of Jason E. Stacey ("Jason Stacey"). In support hereof, FSIC alleges as follows:

**PRELIMINARY STATEMENT**

1.  By this action, FSIC seeks a declaration that it has no duty to defend or indemnify its insured, Dover, in a separate lawsuit pending in the Circuit Court of McDowell County, West Virginia, captioned *Amanda J. Stacey, Administratrix of the Estate of Jason E. Stacey, and the Estate of Jason E. Stacey v. Superior Processing, Inc., et al.*, Case No. 12-C-125-M (the "Stacey Lawsuit"). A copy of the complaint in the Stacey Lawsuit is Exhibit 1 hereto.

2.  A general liability policy like the one FSIC issued to Dover is not intended to provide an employer like Dover insurance coverage for claims that may be brought against

Dover by its employees for personal injuries arising out of the course of their employment. In fact, there is a specific exclusion for such claims in the FSIC policy, as in most general liability policies.

3. The Stacey Lawsuit is premised upon Dover's alleged duties and obligations that were owed to its employee, Jason Stacey. Therefore, while Dover has tendered the defense of the Stacey Lawsuit to FSIC, FSIC owes no insurance obligations to defend or indemnify such claims brought on behalf of Dover's employee.

4. Pursuant to 28 U.S.C. § 2201, *et seq.*, FSIC seeks a declaration that it has no duty to defend or indemnify Dover with respect to the Stacey Lawsuit.

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1) as complete diversity exists between the parties and the amount in controversy exceeds $75,000, exclusive of interest and costs.

6. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(1) because all of the Defendants reside in the Southern District of Illinois and in the State of Illinois.

7. Venue is also proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to this claim occurred in the Southern District of Illinois.

8. An actual controversy exists between FSIC and Defendants as to whether FSIC has any obligation to defend or indemnify Dover with respect to the Stacey Lawsuit.

## PARTIES

9. FSIC is a Missouri corporation with its principal place of business in Kansas.

10. Dover is an Illinois corporation that resides in the Southern District of Illinois and has its principal place of business in Illinois.

11. Amanda Stacey is an Illinois resident who resides in the Southern District of Illinois. Amanda Stacey is named herein as a necessary and/or interested party. In the event that Amanda Stacey stipulates to be bound by the judgment of this Court, FSIC will dismiss her from this action.

12. The Estate of Jason Stacey was opened in the Circuit Court of Saline County, Illinois, Case No. 11-P-62. The Estate of Jason Stacey is named herein as a necessary and/or interested party. In the event that the Estate of Jason Stacey stipulates to be bound by the judgment of this Court, FSIC will dismiss the Estate of Jason Stacey from this action.

## BACKGROUND

### The Stacey Lawsuit

13. On June 27, 2012, Amanda Stacey, the Administratrix of Jason Stacey's Estate, filed the Stacey Lawsuit in the Circuit Court of McDowell County, West Virginia against Jason Stacey's employer, Dover, and other defendants, including Superior Processing, Inc. ("Superior"), Southern Minerals, Inc. ("Southern"), National Employer Services, Inc. ("NES"), and Payday, Inc. ("Payday")

14. Amanda Stacey alleges that, at all times complained of, Dover was the employer of Jason Stacey. (Exhibit 1, ¶5.)

15. Amanda Stacey alleges that the defendants in the Stacey Lawsuit, including Dover, failed to maintain a safe work environment and/or intentionally exposed Stacey to the unsafe working condition that led to his death at the Superior Processing Plant on July 27, 2011. (Exhibit 1, ¶¶ 33-34.)

16.     The complaint in the Stacey Lawsuit contains three counts.  Count I is directed against the plant operators, Superior and Southern.  Count I alleges that Superior and Southern acted in a manner that was negligent, careless, wrongful and unlawful and violated their statutory, contractual, and other duties and responsibilities to Stacey.  (Exhibit 1, ¶ 22.)

17.     Counts II and III are directed against Dover, NES, and Payday.  Amanda Stacey alleges that, prior to the date of the accident, Dover entered into various agreements whereby NES and Payday employed her husband, Jason Stacey, in order for Dover to avoid certain responsibilities to its employees. (Exhibit 1, ¶ 11.)

18.     Amanda Stacey alleges that Dover, NES, and Payday had a duty and responsibility to provide Jason Stacey with a safe place to work.  (Exhibit 1, ¶ 12.)

19.     Count II alleges that Dover, NES, and Payday, as Jason Stacey's employer, negligently, carelessly, wrongfully, and unlawfully provided Jason Stacey with defective equipment, materials, tools, and required him to work in a dangerous environment.  (Exhibit 1, ¶ 25.)

20.     Count III alleges that there was a specific unsafe working condition which existed at the Superior Processing Plant and which presented a high degree of risk and a strong probability of serious injury or death to employees who worked there.  (Exhibit 1, ¶ 30.)

21.     Amanda Stacey alleges that, prior to Jason Stacey's death, Dover and other underlying defendants had actual knowledge of the unsafe working condition and of the high degree of risk and the strong probability of serious injury or death presented by the unsafe working condition. (Exhibit 1, ¶ 31.)

22. Amanda Stacey seeks on behalf of the Estate of Jason Stacey and his beneficiaries compensatory and punitive damages, as well as pre-judgment and post-judgment interest. (Exhibit 1, Prayer.)

**The FSIC Policy**

23. FSIC issued Dover a Commercial General Liability Insurance Policy No. IRG 15242 for the policy period January 1, 2011 to January 1, 2012 (the "FSIC Policy"). (A copy of the FSIC Policy is Exhibit 2 hereto.)

24. The Insuring Agreement set forth in Section I – Coverages of the FSIC Policy is the coverage grant potentially applicable to the Stacey Lawsuit. It provides:

**COMMERCIAL GENERAL LIABILITY COVERAGE FORM**

**SECTION I – COVERAGES**

**COVERAGE A BODILY INJURY AND PROPERTY DAMAGE LIABILITY**

1. **Insuring Agreement**

    **a.** We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply. We may, at our discretion, investigate any "occurrence" and settle any claim or "suit" that may result. But:

    **(1)** The amount we will pay for damages is limited as described in Section **III** – Limits Of Insurance; and

    **(2)** Our right and duty to defend ends when we have used up the applicable limit of insurance in the payment of judgments or settlements under Coverages **A** or **B** or medical expenses under Coverage **C**.

    No other obligation or liability to pay sums or perform acts or services is covered unless explicitly provided for under Supplementary Payments – Coverages **A** and **B**.

5

- **b.** This insurance applies to "bodily injury" and "property damage" only if:

    - **(1)** The "bodily injury" or "property damage" is caused by an occurrence that takes place in the "coverage territory";

    - **(2)** The "bodily injury" or "property damage" occurs during the policy period; and

    - **(3)** Prior to the policy period, no insured listed under Paragraph **1.** of Section **II** – Who is An Insured and no "employee" authorized by you to give or receive notice of an "occurrence" or claim, knew that the "bodily injury" or "property damage" had occurred, in whole or in part. If such a listed insured or authorized "employee" knew, prior to the policy period, that the "bodily injury" or "property damage" occurred, then any continuation, change or resumption of such "bodily injury" or "property damage" during or after the policy period will be deemed to have been known prior to the policy period.

- **c.** "Bodily injury" or "property damage" which occurs during the policy period and was not, prior to the policy period, known to have occurred by any insured listed under Paragraph **1.** of Section **II** – Who is An Insured or any "employee" authorized by you to give or receive notice of an "occurrence" or claim, includes any continuation, change or resumption of that "bodily injury' or "property damage" after the end of the policy period.

- **d.** "Bodily injury" or "property damage" will be deemed to have been known to have occurred at the earliest time when any insured listed under Paragraph **1.** of Section **II** – Who Is An Insured or any "employee' authorized by you to give or receive notice of an "occurrence" or claim:

    - **(1)** Reports all, or any part, of the "bodily injury" or "property damage" to us or any other insurer;

    - **(2)** Receives a written or verbal demand or claim for damages because of the "bodily injury" or "property damage"; or

    - **(3)** Becomes aware by any other means that "bodily injury" or "property damage" has occurred or has begun to occur.

- **e.** Damages because of "bodily injury" include damages claimed by any person or organization for care, loss of services or death resulting at any time from the "bodily injury".

*   *   *

(Exhibit 2, Form CG 00 01 10 01, at pp. 1-2.)

25.  The FSIC Policy also contains the following definitions that are relevant to Dover's claim for coverage for the Stacey Lawsuit:

**SECTION V – DEFINITIONS**

*   *   *

3.  "Bodily injury" means bodily injury, sickness or disease sustained by a person, including death resulting from any of these at any time.

*   *   *

5.  "Employee" includes a "leased worker". "Employee" does not include a "temporary worker".

*   *   *

13.  "Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions.

*   *   *

18.  "Suit" means a civil proceeding in which damages because of "bodily injury", "property damage" or "personal and advertising injury" to which this insurance applies ….

*   *   *

(Exhibit 2, Form CG 00 01 10 01, at pp. 13-16.)

### FSIC's Denial of Coverage

26.  On July 20, 2012, Dover tendered the defense of the Stacey Lawsuit to FSIC under the FSIC Policy.

27.  By letter dated August 1, 2012, FSIC denied coverage for the Stacey Lawsuit on the grounds that the Stacey Lawsuit is barred by, among other things, the Employer's Liability Exclusion.

28.     FSIC seeks a declaration that it has no obligation to defend or indemnify Dover against the Stacey Lawsuit brought on behalf of Jason Stacey, one of Dover's employees fatally injured in the course of performing his employment duties.

## COUNT I

**(Declaratory Relief – Employer's Liability Exclusion)**

29.     FSIC repeats and incorporates by reference herein the allegations of Paragraphs 1 through 28 of this Complaint.

30.     Exclusion 2.e. of the FSIC Policy (the "Employer's Liability Exclusion") provides that this insurance does not apply to:

"Bodily injury" to:

**(1)**     An "employee" of the insured arising out of and in the course of:

**(a)**     Employment by the insured; or

**(b)**     Performing duties related to the conduct of the insured's business; or

**(2)**     The spouse, child, parent, brother or sister of that "employee" as a consequence of Paragraph **(1)** above.

This exclusion applies:

**(1)**     Whether the insured may be liable as an employer or in any other capacity; and

**(2)**     To any obligation to share damages with or repay someone else who must pay damages because of the injury.

This exclusion does not apply to liability assumed by the insured under an "insured contract".

(Exhibit 2, Form CG 00 01 10 01, at p. 2.)

31.     The Employer's Liability Exclusion precludes coverage for "bodily injury" to an employee (i.e., Jason Stacey) of the insured (i.e., Dover) arising out of and in the course of

employment or while performing duties related to the conduct of the insured's business. The exclusion applies whether the insured is liable as an employer or in any other capacity.

32. Amanda Stacey alleges that her husband, Jason Stacey, was fatally injured during the course of performing his employment duties with his employer, Dover.

33. The claims against Dover are excluded in their entirety from coverage by the Employers' Liability Exclusion.

34. To the extent that Jason Stacey's beneficiaries seek to recover damages from Dover, those claims also fall within the Employer's Liability Exclusion which bars coverage for "bodily injury" to the "spouse, child, parent, brother or sister" of the employee as a consequence of the employee's injuries.

35. For these reasons, FSIC is entitled to a declaration that it has no duty to defend or indemnify Dover with respect to the Stacey Lawsuit.

WHEREFORE, First Specialty Insurance Corporation respectfully requests that this Court enter a judgment:

(A) declaring that First Specialty Insurance Corporation is not required to defend or indemnify Mike Dover Corporation with respect to the lawsuit captioned *Amanda Stacey, et al. v. Mike Dover Corporation, et al.*, Case No. 12-C-125-M, pending in the Circuit Court of McDowell County, West Virginia;

(B) declaring that Amanda Stacey, Administratrix of the Estate of Jason E. Stacey, and the Estate of Jason E. Stacey are bound by the judgment against Mike Dover Corporation;

(B) awarding FSIC such other relief as this Court deems just.

## COUNT II

**(Declaratory Relief – Workers' Compensation Exclusion – In the Alternative)**

36. FSIC repeats and incorporates by reference herein the allegations of Paragraphs 1 through 35 of this Complaint.

37. Exclusion 2.d. of the FSIC Policy (the "Worker's Compensation Exclusion") provides that this insurance does not apply to "[a]ny obligation of the insured under a workers' compensation, disability benefits or unemployment compensation law or any similar law." (Exhibit 2, Form CG 00 01 10 01 at p. 2.)

38. The Stacey Lawsuit seeks compensation from Dover for lost employment rights, benefits and earnings under laws similar to workers' compensation laws, disability benefits laws, and unemployment compensation laws.

39. Therefore, the Workers' Compensation Exclusion bars coverage for the Stacey Lawsuit in its entirety.

40. For these reasons, FSIC is entitled to a declaration that it has no duty to defend or indemnify Dover with respect to the Stacey Lawsuit.

WHEREFORE, First Specialty Insurance Corporation respectfully requests that this Court enter a judgment:

(A) declaring that First Specialty Insurance Corporation is not required to defend or indemnify Mike Dover Corporation with respect to the lawsuit captioned, *Amanda Stacey, et al. v. Mike Dover Corporation, et al.*, Case No. 12-C-125-M, pending in the Circuit Court of McDowell County, West Virginia;

(B) declaring that Amanda Stacey, Administratrix of the Estate of Jason E. Stacey, and the Estate of Jason E. Stacey are bound by the judgment against Mike Dover Corporation;

(B) awarding FSIC such other relief as this Court deems just.

        Respectfully submitted,

        FIRST SPECIALTY INSURANCE CORPORATION

        By:    /s/ John A. Husmann_____
                One of its Attorneys

John A. Husmann (ARDC No. 6273392)
Bates Carey Nicolaides LLP
191 North Wacker Drive
Suite 2400
Chicago, Illinois 60606
Telephone: (312) 762-3100
Facsimile: (312) 762-3200

Dated: August 3, 2012

449053